United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UMG RECORDINGS, INC., et al.,
Plaintiffs,
v.
SUNO, INC., et al.,
Defendants.

Case No. 26-mc-80303-VKD

**ORDER TRANSFERRING MOTION TO QUASH DEPOSITION SUBPOENA TO DISTRICT OF MASSACHUSETTS**

Re: Dkt. Nos. 1, 5

Defendant Suno Inc. ("Suno") served on Apple, Inc. ("Apple") a deposition subpoena, in connection with an action pending in the District of Massachusetts, *UMG Recordings, Inc. v. Suno, Inc.*, Case No. 1:24-cv-11611-FDS (D. Mass.), and Apple moves to quash the subpoena. Dkt. No. 5. Suno opposes Apple's motion and asks the Court to resolve the pending dispute. Dkt. No. 12 at 24. Apple advises that it consents to the transfer of the motion to the District of Massachusetts. Dkt. No. 16 at 15.

The Court concludes that Apple's motion to quash Suno's deposition subpoena should be transferred to the District of Massachusetts pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [motion to quash the subpoena] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45(f) does not describe the circumstances that may qualify as "exceptional," but among the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary

duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved. *See, e.g., E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship.*, SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (discussing non-exhaustive list of considerations); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (same); *see also* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendments ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.").

Apple, a non-party entity subject to the subpoena, consents to transfer. *See* Dkt. No. 16 at 15; *see also Mirza, v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where . . . the nonparties subject to the subpoena consent to the transfer."). Additionally, there are exceptional circumstances warranting transfer under Rule 45(f). The close of fact discovery in the underlying action in the District of Massachusetts is November 20, 2026. Dkt. No. 12 at 24. Considering these circumstances, the presiding judge in the Massachusetts action is likely in the best position to expeditiously decide Apple's motion to quash the deposition subpoena based on superior familiarity with the issues involved in the action. There is also risk of unnecessary duplication and inconsistent decisions if the Court decides this motion, which could conflict with determinations of similar disputes in the District of Massachusetts. *See Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-mc-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) ("Numerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar arguments to those raised in the motion sought to be transferred.") (quotation modified).

Accordingly, pursuant to Rule 45(f), the Court hereby directs the Clerk of Court to transfer Apple's motion to quash and this miscellaneous action to the District of Massachusetts for decision by the issuing court in the matter *UMG Recordings, Inc. v. Suno, Inc.*, Case No. 1:24-cv-11611-FDS (D. Mass.). The Clerk of Court is directed to close the file.

The Court finds that good cause exists to provisionally seal the materials identified in the

parties' administrative motions to seal (Dkt. Nos. 11, 15). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). These documents shall remain sealed, pending final resolution by the presiding judge in the District of Massachusetts.

**IT IS SO ORDERED.**

Dated: November 4, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California